Filed 3/29/16  P. v. Perez CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FELIPE PEREZ,<br><br>    Defendant and Appellant. | B262828<br><br>(Los Angeles County<br>Super. Ct. No. PA079744) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Monica Bachner, Judge.  Affirmed.

Felipe Perez, in pro. per.; and Miriam K. Billington, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

**INTRODUCTION**

Felipe Perez was involved in a traffic collision that resulted in injuries to three pedestrians. A jury convicted Perez of driving under the influence of alcohol resulting in injury to a person other than the driver (Veh. Code, § 23153, subd. (a)) and of driving with a blood-alcohol level of .08 percent or greater resulting in injury to a person other than the driver (*id*., subd. (b)). As to both counts, the jury found Perez had caused bodily injury to more than one person (*id*., § 23558) and had personally inflicted great bodily injury to two of the three victims (Pen. Code, § 12022.7, subd. (a)). The trial court imposed an aggregate state prison term of 10 years.

Appellate counsel for Perez filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, which raised no issues, and asked this court to independently review the record. At our invitation, Perez filed a supplemental brief, which challenges the sufficiency of the evidence. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Henry Principe drove to the Walmart store in Panorama City with his nine-year-old daughter, Daniela, and seven-year-old son, Matthew. After parking his car in the Walmart parking lot, Principe and his two children got out and walked to the rear of the car. Principe heard tires screeching and saw an SUV backing up toward them at a high rate of speed. The SUV struck Principe, who then found himself underneath the vehicle. Principe saw Matthew underneath the SUV as well and pulled him out. Daniela also was hit and thrust to the side. As a result of the collision, Principe and Matthew were hospitalized for several days. Principe underwent surgery for a broken hip; and Matthew had surgery on his jaw, which was then wired shut for several days. Daniela was also injured, but her physical injuries were relatively minor (i.e., bruising on her cheek, elbow, and stomach).

Trancito Rodriguez, who was driving in the Walmart parking lot, and Zachary Polamero, a truck driver for Walmart, both witnessed the collision. Their testimony,

along with a videotaped recording from a Walmart security camera, corroborated the testimony of Principe and his son Matthew.[1]

Kenneth Berry, an officer with the Los Angeles Police Department (LAPD), arrived at the Walmart parking lot shortly after the collision. He found Perez in the driver's seat of the SUV, still wearing his seatbelt. In speaking to Perez, Officer Berry noticed Perez had bloodshot eyes and an odor of alcohol on his breath. Perez admitted he had been drinking and claimed he had consumed only two beers. The officer observed that Perez had an open container of a 48-ounce beer inside the SUV. The officer administered several field sobriety tests (FSTs) and a preliminary alcohol screening (PAS) test. Perez performed poorly on the FSTs; and his blood-alcohol level, according to the PAS test, was .145 for the first sample and .148 for the second sample. Perez was then arrested for driving under the influence of alcohol. A subsequent blood test revealed that he had a blood-alcohol level of .14 percent.

After the prosecution rested its case, Perez elected not to testify or present any other evidence in his defense. The jury then received instructions from the court, heard argument of counsel, and deliberated for 40 minutes before reaching a verdict. The jury found Perez guilty on both counts and found true all special allegations charged in the information.

## DISCUSSION

We appointed counsel to represent Perez on appeal. After examination of the record, counsel filed an opening brief that raised no issues. On November 24, 2015, we advised Perez that he had 30 days within which to personally submit any contentions or

---

[1] The videotape depicted the events before and after the collision. Perez pulled into a stall in the Walmart parking lot and stayed inside his SUV for about 20 minutes. He then pulled out of the stall, drove down an aisle traveling in the wrong direction, and parked his SUV in another stall in the same lot. Principe then parked his black Honda Accord. Next, Perez exited his parking space and traveled in reverse down the aisle against the flow of traffic at a high rate of speed. The videotape does not show the collision, because the view was obstructed by a tree. The police and paramedics then arrived.

issues he wished us to consider.  In response, he filed a 12-page supplemental brief, including a diagram.  Though difficult to follow, the brief appears to raise a sufficiency challenge, contending that the evidence was insufficient to support his conviction.  We disagree.

The testimony of the People's witnesses, corroborated in part by the videotape, constituted substantial evidence.  (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.) Principe, his son, and two other witnesses described how the collision occurred, demonstrating that Perez had caused the accident when he struck the three pedestrians with his SUV; and Officer Berry and Aletha Basconcillo, an LAPD criminalist, provided testimony indicating that Perez was under the influence of alcohol at the time of the collision.  Determining the credibility of these witnesses was the exclusive province of the jury.  (*People v. Maury* (2003) 30 Cal.4th 342, 403.)  Nothing in the record indicates the witnesses' testimony was inherently improbable or physically impossible.  (See *People v. Elwood* (1988) 199 Cal.App.3d 1365, 1372.)  As for Perez's version of events in his supplemental brief, he waived his right to testify, and we cannot consider his written account presented for the first time on appeal.  (See *People v. Szeto* (1981) 29 Cal.3d 20, 35.)

We have examined the entire record and are satisfied Perez's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende*, *supra,* 25 Cal.3d at pp. 441-442.)

## **DISPOSITION**

The judgment is affirmed.


BLUMENFELD, J.[*]


We concur:


ZELON, Acting P. J.


SEGAL, J.

_____

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.